DAVIS V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-190-CR

KEDDRECO K. DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Keddreco K. Davis appeals his conviction by a jury of aggravated robbery with a deadly weapon.  The jury assessed Appellant’s punishment at twenty years’ confinement.  In his sole point on appeal, which contains several subparts, Appellant alleges he received ineffective assistance of counsel at trial.  We affirm.

BACKGROUND

Appellant was charged with aggravated robbery with a deadly weapon.  At the guilt-innocence phase of trial, Appellant presented six alibi witnesses, all of whom essentially testified that Appellant was at his younger brother’s birthday party on the date and time that the robbery in question occurred.  During cross-examination of Tabitha Moffett, an alibi witness and Appellant’s aunt, the following exchange occurred:

[The State]:  And you were very close to [Appellant] during this time, practically raised him.  Is that what you just told the jury?

[Moffett]:  Practically raised meaning that I’ve been in the family for 18 years . . . and that I am aware of his characteristics.  I am aware of when he was in school.  I mean, I went to their house.  My kids played with him.

[The State]:  You just said that you are aware of his characteristics.  What do you mean by that?

[Moffett]:  He is a nice young man.  He is very intelligent, very responsible.

[The State]:  When you say nice young man, what do you mean by that?

[Defense Counsel]:  Your Honor, I’m going to object as being repetitious.

THE COURT:  Overruled.

[The State]:  When you say nice young man, what do you mean by that?

[Moffett]:  Decent, honorable, honest.

At this point, the State asked to approach the bench, where it argued that Moffett’s testimony had opened the door to impeachment evidence, and the trial court found that Moffett had “opened herself up for impeachment or have you heard or did you know” questions.  At this point, defense counsel had not presented any good character evidence.  The State proceeded to impeach Moffett’s testimony with “did you know” questions that elicited approximately twenty-seven extrinsic offenses.  Defense counsel did not ask for a limiting instruction to limit the purposes of the impeachment testimony.

STANDARD OF REVIEW

Appellant contends he received ineffective assistance of counsel.  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, Appellant must show that his counsel's performance was deficient; second, Appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064. 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id. 
at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 814.  Our scrutiny of counsel's performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.  
Id. 
at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

ALLEGED GROUNDS OF INEFFECTIVE ASSISTANCE

All three of the grounds that Appellant contends constitute alleged ineffective assistance of counsel arose during the guilt-innocence phase of trial.  Appellant first asserts that defense counsel failed to object to a series of “did you know” questions from the State that let the jury hear evidence from Moffett regarding twenty-seven “extrinsic bad acts” committed by Appellant.
(footnote: 2)  Our review of the record reveals that it is silent as to defense counsel’s reasoning, or lack thereof, for failing to object to the line of questioning.  
See Thompson
, 9 S.W.3d at 814.  A silent record is seldom inadequate to prove ineffective assistance of counsel.
  See id.
 

Appellant next complains that defense counsel failed to request a limiting instruction that the evidence of extrinsic bad acts was only admissible to impeach Moffett’s statement that Appellant had good character.  The record contains no evidence as to defense counsel’s reasoning, if any, for not requesting a limiting instruction.  Accordingly, the record is insufficient to overcome the presumption that counsel's action constituted trial strategy, and this claim must also fail. 
 See Strickland
, 466 U.S. at 700, 104 S. Ct. at 2071;
 Thompson,
 9 S.W.3d at 814. 

Lastly, Appellant’s contention that defense counsel inadequately prepared Moffett by not instructing her to not broach the subject of Appellant’s character, but to only testify regarding his alibi, also fails.  The record contains no evidence that defense counsel did not instruct Moffett in this manner.  Accordingly, the record is insufficient to overcome the presumption that counsel rendered adequate assistance and this claim must also fail.
  See Strickland, 
466 U.S. at 690, 104 S. Ct. at 2066; 
Thompson,
 9 S.W.3d at 814.

CONCLUSION

Because Appellant has failed to meet his burden to rebut the presumption that trial counsel rendered adequate assistance by showing that counsel's performance fell below an objective standard of reasonableness, we overrule his sole point.  
See Strickland, 
466 U.S. at 687, 104 S. Ct. at 2065.  We affirm the trial court’s judgment.

PER CURIAM

PANEL F: HOLMAN, DAY, and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 14, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant does not challenge the trial court’s finding that Moffett had opened the door to this line of questioning.